IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COBBLER NEVADA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-1324 |
| | § | |
| DOES 1-16, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS ON EXPEDITED BASIS**

The plaintiff, Cobbler Nevada, LLC, filed a copyright infringement action, alleging that its movie, "The Cobbler," has been illegally copied on the internet through a file-sharing technology that allows a "swarm" — individuals linked together through the internet to form a "swarm" of users, each of whom simultaneously uploads and downloads pieces of a file identified by a unique "hash."

Cobbler Nevada has obtained the internet protocol ("IP") addresses assigned to each Doe defendant who allegedly participated in a swarm involving its movie, but claims to be unable to name the defendants without subpoenaing their internet service providers ("ISPs"). Cobbler Nevada cannot identify the infringers without the discovery because they obtained access to the movie by using on-line pseudonyms, or user names. Cobbler Nevada seeks leave to serve limited discovery before the Rule 26(f) conference by subpoenas to the nonparty ISPs to learn the identities of the Doe defendants. (Docket Entry No. 5).

Copyright holders have filed many similar motions seeking to identify and properly serve

file-sharing swarm participants. *See, e.g., Well Go USA, Inc. v. Unknown Participants*, No. 4:12–CV–00963, 2012 WL 4387420 (S.D. Tex. Sept. 25, 2012); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 240-41 (S.D.N.Y. 2012) (citing cases). Courts weigh several factors in determining whether early discovery is appropriate, including: (1) whether the plaintiff makes a prima facie showing of harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *See Well Go USA, Inc.*, 2012 WL 4387420, at *1.

Cobbler Nevada has made a prima facie showing of copyright infringement by alleging that it owns the copyright at issue and that the Doe defendants made unauthorized reproductions of those works and distributed them without Cobbler Nevada's authorization. Cobbler Nevada has also provided the copyright certificate of registration and the IP addresses associated with the alleged infringers. The first factor weighs in favor of allowing Cobbler Nevada to subpoena the ISPs.

The information sought is specific. Cobbler Nevada has identified the IP addresses that allegedly participated in the swarm, and seeks only the associated names and addresses. This factor also favors early discovery.

There is no alternative means to obtain the information. The Cable Privacy Act prohibits cable operators, which includes the ISPs identified here, from disclosing subscribers' personal information without their consent or a court order. *See* 457 U.S.C. § 551(c)(2)(B). Factors three and four favor early discovery as well. Finally, the users' privacy expectations will be protected by the Protective Order, detailed below, which will allow subscribers an opportunity to object to the information transfer before it happens.

Many courts analyzing this issue have also identified the potential impropriety of joining many unknown defendants into a single action under Rule 20(a) of the Federal Rules of Civil Procedure. These courts worry that with little identifying information available, it is difficult to conclude that the claims against the many defendants arise out of the same transaction or occurrence and that they share a common question of law or fact. Both are required to join defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2). Some courts have opted to sever all but the first defendant. *See, e.g.*, *Patrick Collins, Inc. v. Does 1–23*, No. 11–CV–15231, 2012 WL 1019034, at *6 (E.D. Mich. Mar. 26, 2012); *CineTel Films, Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545, 553-54 (D. Md. 2012); *Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11CV345, 2011 WL 4915551, at *4 (E.D. Va. Oct. 17, 2011); *SBO Pictures, Inc. v. Does 1–3036*, No. 11–4220 SC, 2011 WL 6002620, at *3–5 (N.D. Cal. Nov. 30, 2011); *DigiProtect USA Corp. v. Does 1–240*, No. 10 Civ. 8760(PAC), 2011 WL 4444666, at *3 n.3 (S.D.N.Y. Sept. 26, 2011). Other courts have allowed actions to proceed against large groups of Doe defendants, at least through limited discovery. *See, e.g.*, *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 345 (D.D.C. 2011); *K–Beech, Inc. v. Does 1–57*, No. 2:11–CV–358–FtM–36SPC, 2011 WL 5597303, at *6 (M.D. Fla. Nov. 1, 2011); *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 257-58 (N.D. Ill. 2011). Here, as in many cases, the "issue of joinder is better analyzed once unknown Defendants have been identified and served." *Well Go USA, Inc.*, 2012 WL 4387420, at *4 (citing cases).

For the reasons stated above, the court ORDERS the following:

1.  Cobbler Nevada may serve a Rule 45 subpoena on the ISPs listed in Exhibit B to the Complaint (Docket Entry No. 1) to obtain the names and addresses of those individuals associated

with the IP addresses also listed in Exhibit B. Cobbler Nevada may also serve a Rule 45 subpoena on a service provider identified in response to a subpoena as another provider of internet services to one of the Doe defendants with an IP address listed in Exhibit B. Cobbler Nevada must attach a copy of this Order to each subpoena.

2. Each ISP will have 30 days from the date of service of the Rule 45 subpoena to serve the identified Doe defendants with copies of the subpoena and this Order. See 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."). Each ISP may serve the Doe defendants using reasonable means, including written notice sent to the defendant's last known address, using either first-class mail or overnight service.

3. Each ISP must confer with Cobbler Nevada. The ISPs may not assess any charge in advance of providing the information requested in the subpoena. Each ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost report to Cobbler Nevada. The court will resolve any disputes between the ISPs and Cobbler Nevada about any fees the ISPs propose to charge for the costs of responding to the subpoena.

4. The Doe defendants have 60 days from the date of service of the Rule 45 subpoena and this Order to file any motions with this court contesting the subpoena, as well as any request to litigate this subpoena anonymously. No ISP may provide a Doe defendant's identifying information to Cobbler Nevada or anyone but the court before the 60-day period has lapsed. If a Doe defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Cobbler Nevada until this court rules on that motion. A Doe defendant or ISP who moves to

quash or modify, or to proceed anonymously, must promptly notify all ISPs so that the ISPs are on notice not to release any of the other Doe defendants' identifying information until the court rules on that motion.

     5.     If the 60-day period expires without any motion contesting the subpoena, the ISPs will have 14 days to produce the subpoenaed information to Cobbler Nevada.

     6.     Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

     7.     Cobbler Nevada may use any information ultimately disclosed in response to a Rule 45 subpoena only to protect the rights it asserted in its complaint. The information disclosed is limited to use by Cobbler Nevada in this litigation and may not be disclosed other than to counsel for the parties and the court.

     SIGNED on June 12, 2015, at Houston, Texas.

                                              Lee H. Rosenthal
                                     United States District Judge